

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Misoka v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3404

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Misoka v. Atty Gen USA" (2008). *2008 Decisions.* Paper 964.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/964

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3404
_____

ELIAS MISOKA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A78-829-307)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: June 27, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Elias Misoka petitions for review of an order of the Bureau of Immigration

Appeals ("BIA").  For the reasons below, we will deny the petition for review.

Misoka, a native of Kenya, was admitted to the United States in July 1998 as a student. On January 19, 2005, Misoka was charged as removable for seeking to procure permanent residence by entering into a fraudulent marriage. The government later added a charge that Misoka had failed to comply with the terms of his admission. Misoka conceded removability and applied for withholding of removal and relief under the Convention Against Torture. He argued that he had been attacked in Kenya by a rival tribe and that his United States citizen daughter would be subject to female genital mutilation ("FGM") if he were removed to Kenya. After a hearing, the Immigration Judge ("IJ") denied relief. After the BIA dismissed the appeal, Misoka filed a timely petition for review.

Misoka testified before the IJ that in 1992 the Masai tribe began to burn houses and steal things from his tribe, the Kisii. In 1998, Misoka was beaten by the Masai; they cut his hands, speared his leg, and stole his money. Misoka asserted that one brother was killed by the Masai and another was speared in the leg. He stated that if he were removed to Kenya, he would be targeted because people will think he has money. He also contended that he would not be able to protect his citizen daughter from FGM. Misoka's wife also testified and echoed Misoka's fears that he would be targeted and that their daughter would be forced to undergo FGM.

The IJ concluded that Misoka had not alleged that anyone associated with the Kenyan government would torture him or his child. The IJ stated that there was no

2

precedent for a parent to claim relief based on a claim that his child would be tortured. Moreover, the IJ found nothing in the record to indicate that the government would have any involvement in FGM because it had been banned in Kenya. The IJ determined that Misoka and his family could avoid FGM and any danger from the Masai by relocating within Kenya as his siblings had done. The IJ stated that being a potential target for robbery would not amount to persecution on one of the enumerated grounds.

The BIA adopted and affirmed the IJ's decision. Thus, we review the decisions of both the IJ and the BIA. Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003)(en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions but afford deference to its reasonable interpretations of the statutes it administers. Toussaint v. Attorney General, 455 F.3d 409, 413 (3d Cir. 2006).

To be eligible for withholding of removal, Misoka must demonstrate that it is more likely than not that his life would be threatened in Kenya on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for relief under the Convention Against Torture, Misoka must demonstrate that it is more likely than not that he would be tortured if removed to Kenya. 8 C.F.R. § 208.16(c)(2).

3

It appears from Misoka's testimony that the attacks by the Masai tribe involved theft of property and were motivated by economic reasons. "Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum ...." Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001)(quoting Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998)). The record does not compel a finding that Misoka was or will be persecuted based a protected ground or that he would be tortured if returned to Kenya.

Misoka also seeks derivative relief based on the threat of FGM he alleges his daughter would face if he were returned to Kenya. Two Courts of Appeals have held that an alien cannot make a claim for relief based on potential harm to a U.S. citizen child if the parent is removed. See Niang v. Gonzales, 492 F.3d 505 (4th Cir. 2007); Oforji v. Ashcroft, 354 F.3d 609, 618 (7th Cir. 2003). Misoka relies on Abebe v. Gonzales, 432 F.3d 1037 (9th Cir. 2005)(en banc) and Hassan v. Gonzales, 484 F.3d 513 (8th Cir. 2007). In Abebe, the Court remanded the matter to the BIA to address in the first instance whether parents may derivatively qualify for asylum if their citizen child is likely to face persecution in the parents' native country. Abebe, 432 F.3d at 1043. In Hassan, the alien contended that her citizen daughters would be subject to FGM if she were returned to Somalia. The IJ denied the derivative claim and noted that the daughters could remain in the United States with their father who was an asylee. Because the government

4

subsequently terminated the father's asylum status, the Court remanded the derivative asylum claim for consideration by the BIA. Neither the Abebe nor the Hassan Court concluded that derivative relief was available in such a situation. Moreover, this case differs from both Hassan and Abebe in that neither Misoka's child nor her mother, herself a United States citizen, are subject to removal. Thus, Misoka's wife and daughter can remain in the United States, and the daughter would not be subjected to the danger of FGM. Misoka has not pointed to any statute or caselaw that would entitle him to derivative relief on this ground.

Misoka also claims that he was denied a full and fair hearing because the IJ initially stated in his opinion that Misoka had not submitted materials in support of his FGM claim before later correcting himself. Misoka argues that this shows that the IJ failed to perform a thorough analysis of all the evidence submitted. We disagree. Moreover, as noted above, Misoka is not entitled to derivative relief on his FGM claim.

For the above reasons, we will deny the petition for review.